**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 26-cv-7017**

JOSEPH SALAMONE,

Plaintiff,

- against -

HILTON RESORTS CORPORATION &
HILTON GRAND VACATIONS, INC.,

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

JOSEPH SALAMONE ("Plaintiff" or "Mr. Salamone"), by and through his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, against HILTON RESORTS CORPORATION and HILTON GRAND VACATIONS, INC., (collectively, "Hilton" or "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. Hilton are hospitality companies that hold themselves out as industry leaders in diversity and inclusion initiatives yet permit their workplace to be ridden with virulent sexual harassment and assault.
2. Specifically, Hilton permitted Plaintiff's supervisor and co-worker to incessantly sexually harass and assault him in the workplace.
3. Plaintiff's male coworker, Charaf (last name unknown), repeatedly subjected Plaintiff to unwanted, sexual, physical touching by inappropriately rubbing Plaintiff's shoulders, poking the side of Plaintiff's body, rubbing Plaintiff's ear, and squeezing Plaintiff.
4. When Plaintiff complained about Charaf's sexual harassment and assault to his Supervisor,

Anthony Marrone ("Supervisor Marrone"), ***Hilton took no action in response to Plaintiff's complaint***.

5. In fact, when Charaf discovered Plaintiff complained about his conduct, Charaf ***punched Plaintiff in the face in front of Supervisor Marrone.*** Supervisor Marrone took no apparent action to discipline Charaf for assaulting Plaintiff nor did he report the assault to Hilton's human resources department in accordance with his clear duty to report.

6. ***Charaf's campaign of sexual harassment and assault of Plaintiff escalated on November 17, 2024, when he aggressively hit Plaintiff in the genitals***, causing Plaintiff extreme discomfort, profound embarrassment, emotional trauma, and physical trauma.

7. Plaintiff escalated his complaint to Hilton's human resources department on November 17, 2024, and reported Charaf was sexually harassing and assaulting him at work.

8. ***Hilton then terminated Plaintiff's employment three days after he engaged in this protected activity, despite Plaintiff being a high performing, long term employee.***

9. Plaintiff brings this action to fairly remedy the retaliatory termination and blatant violation of his rights to ensure that Hilton ceases their pattern of sex/gender discrimination.

## NATURE OF THE CASE

10. Plaintiff complains pursuant to the discrimination and retaliation provisions of; (i) Title VII of the Civil Rights Act of 1964, (Title VII); (ii) the New York State Human Rights Law, New York State Executive Law, § 296 et seq ("NYSHRL"); (iii) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), as well as any other claims that can be inferred from the facts set forth herein. Plaintiff seeks damages to redress the injuries he suffered as a result of Defendants' discrimination on the basis of his sex/gender, as well as Defendants' discrimination and retaliation for his protected activity.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 and § 1343, as the claims arise under federal law.

12. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business activities within the State of New York.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

14. The Court also has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

## **PROCEDURAL PREREQUISITES**

15. Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

16. Plaintiff received a Notice of Right to Sue from the EEOC dated May 20, 2026, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint. (See Exhibit A).

17. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## **PARTIES**

18. At all times material, Plaintiff was and is currently a resident of the State of New York.

19. At all times relevant to this Complaint, Plaintiff was a "person" and an "employee" of Defendants and was entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

20. During his tenure of employment with Defendants, Plaintiff worked from Defendants' office

located at 1335 Sixth Avenue, New York, NY 10019.

21. At all times material, Plaintiff was employed by Defendants.

22. At all relevant times, Defendants were and are an “employer” within the meaning of the Title VII, the NYSHRL, the and the NYCHRL.

23. At all times material, both Defendants employed over 50 employees.

**MATERIAL FACTS**

24. Plaintiff is an accomplished Sales professional with a proven track record of driving revenue growth and exceeding performance expectations.

25. In March 2013, Plaintiff began his employment with Defendants as a Salesperson.

26. Plaintiff was successful in his role, and Defendants named him “Rookie of the Year” during his first year of employment.

27. In 2015, in recognition of Plaintiff’s excellent performance, Defendants promoted Plaintiff to the role of Turn Over (“T.O.”) Closer, which more than doubled his total earnings.

28. Later in 2015, in further recognition of Plaintiff’s excellent performance, Defendants promoted Plaintiff to Action Line Team Lead, where he led the entire sales floor as part of his responsibilities.

29. As of 2024, Plaintiff was primarily supervised by Nicole Gonzalez (“Supervisor Gonzalez”), and later Supervisor Marrone.

30. Plaintiff received positive performance evaluations every year during his employment with Defendants.

31. However, Plaintiff discovered that Defendants fostered a hostile work environment where derogatory comments were common and profane and sexually-charged language regularly.

32. For example, Supervisor Gonzalez engaged in a pattern of unwelcome and sexually harassing

conduct towards Plaintiff.

33. Specifically, Supervisor Gonzalez stated to Plaintiff, “guys with flat asses have big cocks.”
34. In addition to Supervisor Gonzalez’s incessant lewd and blatantly inappropriate comments, Defendants also subjected Plaintiff to inappropriate physical touching and sexual assault.
35. In or around July 2024, Charaf [Last Name Unknown], a male Sales Executive, began to sexually harass and assault Plaintiff on a regular, near weekly basis.
36. When Charaf walked by Plaintiff’s desk, he inappropriately placed his hands on Plaintiff’s shoulders and rubbed them, which Plaintiff immediately objected to
37. In addition, Charaf aggressively poked Mr. Salamone on the side of his body and rubbed his ear in a sexual nature.
38. Charaf further forcefully groped and squeezed Plaintiff’s behind.
39. Supervisor Marrone and Robert Hubbard, (“Supervisor Hubbard”), witnessed Charaf repeatedly sexually assaulting Plaintiff and did not take any action to stop the assault.
40. Plaintiff objected to each and every one of Charaf’s sexual assaults, and demanded Charaf stop touching him.
41. In or around October 2024, Charaf sexually assaulted Plaintiff by groping his body.
42. In response, Plaintiff complained to Supervisor Marrone that Charaf was inappropriately touching him in the office and sexually assaulting him.
43. When Supervisor Marrone discussed Plaintiff’s complaint with Charaf and Plaintiff in Supervisor Marrone’s office, Charaf responded by ***punching Plaintiff in the face in front of Supervisor Marrone***.
44. Defendants took no action whatsoever in response to Charaf’s assault of Plaintiff.
45. Defendants did not separate Charaf from Plaintiff and Plaintiff was forced to work in close

proximity to him.

46. In fact, Charaf's sexual harassment of assault of Plaintiff continued after the October meeting, unabated.

47. On November 17, 2024, Charaf approached Plaintiff while Plaintiff was seated at his desk and aggressively punched Plaintiff's genitals.

48. In response, Plaintiff was doubled over, screaming in pain, and questioning Charaf why he just hit him on his genitals.

49. Plaintiff was left in severe pain and discomfort for the remainder of the day and night due to the sexual assault.

50. Supervisor Gonzalez saw Plaintiff in visible distress and later met with Charaf to discuss what occurred.

51. That same day, Plaintiff spoke with two female employees from Defendants' Human Resources department and complained that Charaf had repeatedly sexually harassed and assaulted him at work.

52. Plaintiff further complained that Charaf aggressively punched him in the genitals earlier that day.

53. In response to Plaintiff's complaint of sexual harassment and assault, Defendants suspended Plaintiff's employment without pay.

54. On November 20, 2024, a mere three days after Plaintiff complained that Charaf sexually harassed and assaulted him, Defendants terminated Plaintiff's employment.

55. Defendants terminated Plaintiff's employment in direct retaliation for his complaint that Charaf sexually harassed and assaulted him.

56. Following Plaintiff's termination of employment, Supervisor Marrone confirmed in a text

message that Plaintiff complained to him that Charaf sexually harassed and assaulted him.

57. Supervisor Marrone also confirmed that Charaf punched Plaintiff in his office after Plaintiff complained that Charaf sexually harassed and assaulted him.

58. Plaintiff engaged in protected activity by complaining to Marrone and Human Resources that Charaf sexually harassed and assaulted him.

59. Defendants retaliated against Plaintiff by terminating his employment only three days after his last protected activity on a pretextual basis, which evidences Defendants' willful discrimination and retaliation in violation of federal, state, and local laws.

60. As a result of Defendants' conduct, Plaintiff endured humiliation, devaluation, and marginalization, and suffered significant emotional distress.

61. Because of Defendants' discriminatory and retaliatory acts, Plaintiff has suffered and will continue to suffer substantial economic and non-economic damages, including lost income, benefits, career advancement opportunities, professional standing, emotional pain and suffering, and other harms compensable under applicable laws.

## FIRST CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER TITLE VII

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in each of the preceding paragraphs, as if fully set forth herein.

63. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (1), provides, in relevant part, as follows:

> "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

64. Defendants violated Title VII of the Civil Rights Act of 1964, including 42 U.S.C. §§ 2000e-2(a) and 2000e(k), by intentionally discriminating against Plaintiff on the basis of his sex/gender, and by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a sexually hostile work environment.

65. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

66. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights under Title VII.

67. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**FOR SEX/GENDER DISCRIMINATION UNDER NYSHRL**

68. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in each of the preceding paragraphs, as if fully set forth herein.

69. Under the New York State Human Rights Law, N.Y. Executive Law § 296(1)(a) provides as follows:

> "It shall be an unlawful discriminatory practice: For an employer… because of an individual's … sex … to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

70. Defendants violated the NYSHRL by intentionally discriminating against Plaintiff on the basis of his sex/gender, and by creating, fostering, condoning, accepting, ratifying, and/or negligently

failing to prevent or remedy a sexually hostile work environment.

71. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

72. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

73. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's protected rights under the NYSHRL.

74. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

## THIRD CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER NYCHRL

75. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in each of the preceding paragraphs, as if fully set forth herein.

76. The New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a), provides, in relevant part, as follows:

> "It shall be an unlawful discriminatory practice: For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment

> such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

77. Defendants violated the NYCHRL by intentionally discriminating against Plaintiff on the basis of his sex/gender, and by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a sexually hostile work environment.

78. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

79. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's protected rights under the NYCHRL.

80. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**<u>FOR RETALIATION UNDER TITLE VII</u>**

81. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

82. Title VII provides the following:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by this subchapter…
>
> 42 U.S.C.A. §2000e-3.

83. By the actions described above, Defendants retaliated against Plaintiff in violation of Title VII after he engaged in protected activity and complained of the discrimination perpetrated against

him by Defendants.

84. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

85. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights under Title VII.

86. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER NYSHRL**

87. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

88. The NYSHRL makes it "an unlawful discriminatory practice" for "any employer … to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article…" N.Y. Executive Law § 296.

89. By the actions described above, Defendants retaliated against Plaintiff in violation of the NYSHRL after he engaged in protected activity and complained of the discrimination perpetrated against him by Defendants.

90. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation,

emotional distress, mental anguish, and other economic and non-economic injuries.

91. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's protected rights under the NYSHRL.

92. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**FOR RETALIATION UNDER NYCHRL**

93. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

94. N.Y.C. Admin. Code § 8-107(7) provides, in relevant part:

> "Retaliation. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … requested a reasonable accommodation under this chapter."

95. By the actions described above, Defendants retaliated against Plaintiff in violation of the NYCHRL after he engaged in protected activity and complained of the discrimination perpetrated against him by Defendants.

96. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits during his period of unemployment, harm to his professional reputation, emotional distress, mental anguish, and other economic and non-economic injuries.

97. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's protected rights under the NYCHRL.

98. As a result, Plaintiff is entitled to recover compensatory and punitive damages, reasonable attorneys' fees, costs of suit, and any other relief the Court deems just and proper.

## JURY DEMAND

99. Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

A. Declaring that Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), by discriminating against Plaintiff based on his sex/gender, and retaliating against him for exercising his rights under above stated laws;

B. Awarding Plaintiff back pay, front pay, and lost benefits to fully compensate him for the wages, benefits, and other compensation he would have received but for Defendants' unlawful conduct;

C. Awarding Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, reputational harm, and pain and suffering caused by Defendants' unlawful actions;

D. Awarding Plaintiff punitive damages under Title VII, the NYSHRL, and the NYCHRL based on Defendants' malicious intent and reckless disregard for her federally and state protected rights;

E. Awarding Plaintiff his reasonable attorneys' fees, costs, and litigation expenses incurred in connection with this action, as authorized by statute; and

F. Granting such other and further relief as the Court deems just, equitable, and proper under the circumstances.

Dated: New York, New York
August 17, 2026

**ELEFTERAKIS,**
**ELEFTERAKIS & PANEK**
__/s/___________
Jacqueline Carranza
Keyonte Sutherland
Kyle Platt (*pro hac vice* forthcoming)
jcarranza@eeplaw.com
ksutherland@eeplaw.com
kplatt@eeplaw.com